**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 06-4542**

———————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

SHAWNDELL BARNES,

Defendant - Appellant.

———————

Appeal from the United States District Court for the District of
Maryland, at Greenbelt.  Alexander Williams, Jr., District Judge.
(8:02-cr-00215-AW-3)

———————

Submitted:  March 12, 2007          Decided:  March 28, 2007

———————

Before WILKINSON, WILLIAMS, and MOTZ, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

Richard Alan Seligman, Richard T. Brown, Washington, D.C., for
Appellant.  Rod J. Rosenstein, United States Attorney, Michael R.
Pauzé, Assistant United States Attorney, Greenbelt, Maryland, for
Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Shawndell Barnes appeals his sentence following our remand for resentencing under United States v. Booker, 543 U.S. 220 (2005). Barnes was convicted by a jury of conspiracy to commit bank robbery, in violation of 18 U.S.C. § 371 (2000) (Count One), aiding and abetting armed bank robbery, in violation of 21 U.S.C. § 2113(a), (d) (2000) (Count Two), and aiding and abetting the use of a firearm during a crime of violence, in violation of 21 U.S.C. § 924(c) (2000) (Count Three).

On remand, the district court went below the advisory guidelines range and imposed concurrent sentences of 36 months on Counts One and Two. The court reimposed a consecutive 84-month sentence on Count Three. On appeal, Barnes does not challenge the sentences on Counts One and Two but contends that the consecutive 84-month sentence for aiding and abetting brandishing of a weapon on Count Three violated the Sixth Amendment. Finding no reversible error, we affirm.

Barnes' argument that United States v. Harris, 536 U.S. 545 (2002), was "implicitly overruled" by Booker is without merit. While the Supreme Court may revisit its decision in Harris after Booker, until it does so, Harris remains law. See Rodriguez de Quijas v. Shearson/Am. Express, Inc., 490 U.S. 477, 484 (1989) ("If a precedent of this Court has direct application in a case, yet appears to rest on reasons rejected in some other line of

decisions, the Court of Appeals should follow the case which directly controls, leaving to this Court the prerogative of overruling its own decisions.").

Barnes next argues that the district court applied the wrong standard of proof in determining that he aided and abetted brandishing a firearm. As Barnes argues, proof that a defendant aided and abetted a violation of § 924(c) requires proof that the defendant knew to a practical certainty, or had actual knowledge, that the principal would use a gun. See United States v. Spinney, 65 F.3d 231, 237 (1st Cir. 1995). We conclude the district court applied this standard on resentencing and there was sufficient evidence to prove Barnes had actual knowledge a firearm would be brandished during the armed bank robbery. We therefore find no reversible error.

Accordingly, we affirm Barnes' sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED